# THE B. F. SMITH FIRE PROOF CONSTRUCTION CO. *vs.* FRANK A. MUNROE ET AL.

*County Commissioners—Power to Contract For Fire Proof Vault.*

The County Commissioners of a county have the power to contract for the construction of a fire proof vault in which to keep the records of the Circuit Court, and to levy taxes to pay for the same, under the authority conferred by Code, Art. 25, sec. 1, which provides that the County Commissioners of each county shall have charge of and control over, the property owned by the county, and sec. 7, which enacts that they shall levy all needful taxes and shall pay all claims against the county which have been expressly or impliedly authorized by law.

Appeal from the Circuit Court for Anne Arundel County (REVELL, J.)

The cause was argued before McSHERRY, C J., FOWLER, BRISCOE, BOYD, and SCHMUCKER, JJ.

*James M. Munroe,* for the appellant.

*Frank H. Stockett,* for the appellees, submitted the cause on his brief.

McSHERRY, C. J., delivered the opinion of the Court.

The bill of complaint in this case was filed by certain residents and taxpayers of Anne Arundel County against the County Commissioners of that county and the B. F. Smith Fire Proof Construction Company of Washington, District of Columbia. The County Commissioners entered into a contract with the Fire Proof Construction Company for the erection by the latter of a fire proof vault in which the records entrusted to the custody of the Clerk of the Circuit Court were intended to be kept. The cost of the vault as agreed upon was five thousand, nine hundred dollars. The relief sought by the bill was an injunction to restrain the County Commissioners from making a levy to pay for the structure.

The sole ground upon which that relief was asked is the alleged want of power in the County Commissioners to levy upon the taxpayers the amount of money required for the purpose named unless previously authorized by the Legislature to build the vault and to levy the necessary tax to provide for the payment of the stipulated price.   The Court below decided that the County Commissioners did not possess the power to contract for the work or to pay for it; and accordingly granted the injunction for which the plaintiffs asked. From that decree this appeal was taken.

The question thus brought up is exceedingly narrow.   By the Code of Public General Laws, *Art. 25, sec. 1*, it is provided that "the County Commissioners of each county in this State  *  *  *  shall have charge of and control over the property owned by the county."   By *sec. 7* of the same Article it is enacted that they "shall levy all needful taxes on the assessable property within the county liable to taxation *  *  * and shall pay and discharge all claims on or against the county which have been expressly or impliedly authorized by law."   We do not understand the language just quoted to be so restricted in its meaning as to deny to the County Commissioners the power which they undertook to exercise.   The public records are the property of the county and it obviously is as much the duty of the Commissioners to protect them from destruction or injury by fire, as it is to insure the court house against a similar disaster.   And if the Commissioners may lawfully levy on the taxpayers a sum of money sufficient to keep the public buildings insured—and they certainly may— why should they be prohibited from making a like levy to pay for the construction of a fire proof vault for the safe keeping of the public records, which, if burned, cannot be completely restored no matter how heavy the insurance on them might be.   It is undoubtedly true that the County Commissioners could not issue bonds for the purpose of raising money to do the work unless empowered by the General Assembly to do so.   But the want of power to issue bonds is quite a different thing from the want of a power to do the act that has been en-

joined.   It is too constricted a construction of the statute to limit the powers of the Commissioners to the literal meaning of the words quoted from the Code.   The language of the enactments must be interpreted, not by the aid of a dictionary alone, but by the plain purpose and intention of the Legislature ; and the purpose and intention are ascertained by considering the whole situation and surroundings, and by looking to the results which would necessarily follow a construction too literal or too narrow.   If the decree appealed against is right then no change however urgent, could be made by the County Commissioners in any public building under their control unless such change were first authorized by appropriate legislation.   If the heating plant should prove inadequate they would be powerless to augment it.   If the ventilation were defective, they could not improve it.·   If the sanitary condition of the court house were such as· to be injurious to health, they could not remedy it.   And they could do none of these things because none of them falls within the literal signification of the terms "charge of and control over the property owned by the county."   It is perfectly clear that each of the things just indicated could be done without antecedent legislative authorization, because they are all within the general and necessary powers of the local governmental body.   Debts contracted for the preservation of the property owned by the county are undoubtedly claims "impliedly authorized by law." To that category belongs the debt incurred for the construction of a fire proof vault wherein the public records are to be kept.

The County Commissioners had the power to enter into the contract, of which a copy was filed with the answer of the County Commissioners ; and they have the power to levy such a tax as may be necessary to raise the sum of money stipulated to be paid to the appellant.   We, therefore, reverse the decree appealed against and dismiss the bill of complaint.

*Decree reversed with costs above and*
*below and bill dismissed.*

(Decided June 29th, 1903.)